**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| NANNETTE POWELL | CIVIL ACTION NO. 18-1361 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CIRCLE K STORES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendants', Circle K Stores, Inc. ("Circle K") and Travelers Indemnity Company ("Travelers") (collectively "Defendants"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(5). See Record Document 11. Plaintiff Nannette Powell ("Powell") opposes the motion. See Record Document 13. For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual allegations contained in the complaint are accepted as true and are as follows.[1] Powell filed the instant suit *pro se*, alleging negligence on the part of Circle K and Travelers. See Record Document 7. Specifically, Powell alleges on October 21, 2017, she "had a slip and fall due to uneven pavement at Circle K Store #7781." Id. at ¶2. As a result of her fall, Powell alleges unspecified "injuries" of which "damages exceed $75,000." Id. at ¶5. In addition, Powell claims her damages include:

A. Physical pain and suffering;

B. Inconvenience;

C. Medical Expenses;

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

  D. Mental Distress;

  E. Loss of Service;

  F. Loss of Enjoyment of Life;

  G. Loss of Wages.

Id. at ¶ 6.

Defendants filed a Motion to Dismiss on November 27, 2018 alleging lack of subject matter jurisdiction and insufficient service of process. See Record Document 11.[2] Powell opposed the motion on December 6, 2018. See Record Document 13.

**LAW AND ANALYSIS**

**I. Rule 12(b)(1) Standard**

Motions filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge the subject matter jurisdiction of the district court to hear the case. Courts may dismiss a lawsuit for lack of subject matter jurisdiction on any one of three different bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (quoting Barrera–Montenegro v. United States, 74 F.3d 657, 659 (5th Cir.1996)).

The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. See Ramming, 281 F.3d at 161. When a Rule 12(b)(1) motion to dismiss is

---

[2] The Court has decided the defense motion pursuant to Rule 12(b)(1); thus, the merits of the Rule 12(b)(5) motion were not reached.

filed in conjunction with other Rule 12 motions, the court should begin with the jurisdictional attack before addressing any issues on the merits. See id.

Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A "facial" attack is limited to the pleadings and requires the trial court to assume the allegations as true. Id. A "factual" attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings—such as testimony and affidavits—may be considered. Id. Because the parties have each submitted evidence outside the pleadings, Defendants' Motion to Dismiss is a "factual" attack, and the Court will consider the evidence in the record, resolving any disputed facts.

**II.     Analysis**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. §§ 1331 or 1332. Section 1331 requires that claims in a civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The claims brought by Powell solely arise under state law, therefore, § 1331 is inapplicable.[3]

---

[3] Powell inaccurately classified the jurisdiction of this suit under § 1331. See Record Document 7. As a *pro se* litigant her pleadings must be interpreted more liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972). Therefore, this Court interprets Powell's complaint as asserting diversity jurisdiction.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship and the plaintiff must allege an amount in controversy greater than $75,000 exclusive of interest and costs. Typically, a plaintiff's assertion that the amount in controversy exceeds $75,000 is sufficient to invoke diversity jurisdiction. See Evanston Ins. Co. v. Spencer, 05–5497, 2006 WL 3143026 (E.D. La. Oct. 30, 2006). To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938). However, "bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted).

Defendants assert Powell's cause of action does not meet § 1332's amount in controversy requirement. See Record Document 11-2 at 4. In addition, Defendants argue there is "insufficient information provided to infer the amount in controversy requirement is met." Id. This Court agrees. Powell simply cannot prove to a legal certainty, either through her complaint or the evidence submitted, that her claims exceed $75,000. Plaintiff provided e-mail correspondence between herself and Travelers regarding a potential settlement prior to filing this action. See Record Document 13-1. In the correspondence, Powell discusses the medical records in connection with this claim which included, "physical therapy, chiropractic care, and [sic] primary physician" and "massage therapy." Id. at 9.[4] Upon receipt of those documents, Travelers offered to settle the claim for $5,000. See id. at 10. In addition to the lack of evidence, Powell's bare allegations and lack of

---

[4] Plaintiff never provided this Court with her medical records, even after Plaintiff sought and received the Court's permission for additional time to provide medical records on December 6, 2018. See Record Documents 17 and 18.

specificity regarding her injuries also cannot satisfy the amount in controversy requirement. See McCormick v. Fletchall, 06-2240, 2006 WL 3488710 at *1 (W.D. La. Nov. 30, 2006) (finding Plaintiffs claim of unspecified "serious" injuries with the potential for surgery and a generic request for damages inadequate to satisfy the amount in controversy requirement).

Based upon the evidence presented, it is clear this claim is worth less than $75,000. Although courts are to construe *pro se* pleadings liberally, a *pro se* plaintiff still must "show that a statutory basis for federal jurisdiction exists before his case can be heard in federal court." Wilson v. Rayford, 161 F. App'x 425 (5th Cir. 2006). Here, because Powell has failed to show the requisite jurisdictional amount required for diversity jurisdiction, her claims are **DISMISSED WITHOUT PREJUDICE** for lack of diversity subject matter jurisdiction.

## CONCLUSION

Based on the foregoing analysis, this Court hereby dismisses without prejudice, all claims against Circle K Stores, Inc. and Travelers Indemnity Company, as the Court lacks diversity subject matter jurisdiction over such claims.

Accordingly,

**IT IS ORDERED** that the Rule 12(b)(1) and Rule 12(b)(5) Motion (Record Document 11) filed by Defendants, Circle K Stores, Inc. and Travelers Indemnity Company, be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 23rd day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT